■ JOHN A. COLELLA, Respondent, v ROSE COLELLA, Appellant. — In an action for divorce, the defendant wife appeals from an order of the Supreme Court, Queens County (Di Tucci, J.), entered July 11, 1983, which denied her motion to strike the action from the calendar so that she could conduct an examination before trial of the plaintiff husband. Order modified by deleting therefrom the words "is denied" and substituting therefor a provision granting defendant's motion only to the extent of permitting her to conduct an examination before trial of plaintiff on condition that defendant's attorney personally pay to plaintiff the sum of $750. As so modified, order affirmed, without costs or disbursements. The payment of the $750 shall be made within 20 days after service upon the defendant's attorney of a copy of the order to be made hereon, with notice of entry. The examination before trial shall be held within 15 days after payment of the $750 at a time and place to be set forth in a written notice of at least 10 days to be given by defendant or at such time and place as the parties may agree. If the condition is not complied with, order affirmed, with costs. The compulsory financial disclosure provision of the Equitable Distribution Law (Domestic Relations Law, § 236, part B, subd 4) evinces a legislative intent that both parties to a matrimonial action give full and fair disclosure of finances which is not limited to the sworn statement of net worth (Domestic Relations Law, § 236, part B, subd 4; 22 NYCRR part 117; 22 NYCRR 699.11), but includes any appropriate disclosure device authorized in CPLR article 31. "Indeed, the use of an examination before trial to supplement the official form affidavit provides a mechanism with which to guarantee the trustworthiness of the affidavit and to enforce its integrity" (*Garrel v Garrel,* 59 AD2d 885,

886). Thus, while a motion to strike an action from the calendar may be denied where the moving party has had an ample opportunity to complete discovery but has failed to do so (*Watts v Town of Gardiner,* 90 AD2d 615; *Baranyk v Baranyk,* 73 AD2d 1004), the need for full financial disclosure in equitable distribution actions (see *Rubin v Rubin,* 87 AD2d 587; *Garrel v Garrel, supra*) compels us to conclude that defendant should be given a further opportunity to examine plaintiff before trial regarding his financial circumstances, including the contents of his sworn statement of net worth. Under the rules of this court (22 NYCRR 675.7), such examination may be conducted after the action has been placed on the Trial Calendar (see *Perreca v Perreca,* 113 Misc 2d 591; *Laura v Laura,* 113 Misc 2d 277). However, in view of the delay in bringing this action to trial caused by the failure of defendant's attorney to have timely completed discovery, we deem it appropriate to impose the sanction indicated. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.