■ CATHERINE PEREZ, Respondent, v LOUIS A. PEREZ, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), dated July 31, 1986, as granted the plaintiff wife's cross motion for further discovery with respect to the defendant's finances and for a pendente lite award of expert appraiser fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff served her notice of cross motion by mail four days before the return date of the defendant's motion, instead of eight days as required by CPLR 2215. Although the notice of cross motion was not timely, the Supreme Court considered the cross motion and supporting papers pursuant to the discretionary power conferred upon it by CPLR 2214 (c). Under the circumstances of this case, and in view of the lack of prejudice to the defendant, the Supreme Court's actions constituted a proper exercise of discretion *(see, Matter of Shanty Hollow Corp. v Poladian,* 23 AD2d 132, *affd* 17 NY2d 536).

We further conclude that the Supreme Court did not abuse its discretion in directing the defendant to submit to additional pretrial discovery as to his finances. Although a certificate of readiness had been filed more than eight months prior to the plaintiff's cross motion and a date had been set for trial, the need for complete financial disclosure in this action involving equitable distribution compels the conclusion that the plaintiff was properly accorded a further opportunity to examine the defendant's finances *(see, Colella v Colella,* 99 AD2d 794). It is significant to note that the plaintiff had recently retained new counsel shortly before the plaintiff's cross motion for further discovery was made. The plaintiff's newly retained counsel, upon reviewing his client's file, determined that inadequate discovery had been made into the defendant's finances, including his interests in two limited partnerships,

various pensions and annuity contracts. Counsel also required additional time to conduct a complete evaluation of the defendant's medical license. In view of these circumstances, additional discovery was properly ordered.

Finally, a review of the record leads us to the conclusion that the pendente lite award in the sum of $4,500 for the services of an expert appraiser was based on the exercise of sound judicial discretion after weighing the plaintiff's application which set forth in detail, (1) the nature of the marital property involved, (2) the difficulties involved in identifying and evaluating that property, (3) the services to be rendered together with an estimate of the time involved, and (4) the movant's financial status (see, Ahern v Ahern, 94 AD2d 53, 58). Mollen, P. J., Brown, Lawrence and Rubin, JJ., concur.