◼ ETHEL P. Ross, Appellant, v STEPHEN Ross, Respondent.

Contrary to the plaintiff's contentions, we find that the Supreme Court did not abuse its discretion in "resettling" a prior order, entered April 23, 1987, by limiting the defendant's obligation to pay for the plaintiff's car expenses to include only financing payments, insurance and necessary repairs for the vehicle. It is clear, from the record, that the parties became involved in a sharp dispute as to what was intended by the term "car expenses". Accordingly, it was appropriate for the court to clarify its order so as "to reflect the disposi-

tion more accurately" *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2221:7, at 158). We further note that the limitations set forth by the court were reasonable under the circumstances.

Equally unavailing is the plaintiff's assertion that the Supreme Court abused its discretion in directing her to submit to an examination before trial as to financial matters. Although the plaintiff had already filed a note of issue at the time the defendant sought leave to conduct the deposition, the "need for complete financial disclosure in this action involving equitable distribution compels the conclusion that the [defendant] was properly accorded a further opportunity to examine the [plaintiff's] finances" *(see, Perez v Perez,* 131 AD2d 451; *see also, Colella v Colella,* 99 AD2d 794; *Garrel v Garrel,* 59 AD2d 885). Lawrence, J. P., Eiber, Sullivan and Balletta, JJ., concur.