■ KEY BANK, N.A., Plaintiff, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, and RAYMOND J. ROGERS et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Doran, J.), entered March 31, 1988 in Albany County, which denied a motion by defendant New York Central Mutual Fire Insurance Company to dismiss the cross claim of defendants Raymond J. Rogers and Hilda Rogers for failure to prosecute.

In June 1984, the residence of defendants Raymond J. Rogers and Hilda Rogers (hereinafter defendants) was destroyed by fire. Defendants subsequently filed a claim with defendant New York Central Mutual Fire Insurance Company (hereinafter the carrier) for the proceeds of an insurance policy it had issued covering the premises. In 1985, plaintiff brought an action against the carrier and defendants for foreclosure of a mortgage it had on defendants' property and for payment of the proceeds of the fire insurance policy. Defendants interposed a cross claim against the carrier for the proceeds of the policy. In response to the cross claim, the carrier alleged that defendants had no insurable interest in the premises and that they were guilty of misrepresentations and arson.

Plaintiff ultimately settled its claims and is no longer a party to this action. Following the settlement, the carrier served a demand that a note of issue be filed regarding the cross claim. After the time to respond had expired, the carrier moved for an order dismissing the cross claim pursuant to CPLR 3216 (e). Two attorney's affidavits, citing law office failure as the reason for not responding to the demand for a note of issue, were submitted in opposition to the motion. Supreme Court denied the carrier's motion to dismiss, conditioned upon the prompt filing of a note of issue and the payment of $250 to the carrier by the attorney at fault for the delay. This appeal by the carrier ensued.

On appeal, the carrier contends that Supreme Court abused its discretion in denying the motion to dismiss the cross claim since no affidavit of merits was submitted in opposition to the motion. Although the carrier correctly contends that it was entitled to have the cross claim dismissed where there is no affidavit of merits by the opposing party (see, Moran v Bertola, 133 AD2d 513; Reed v Friedman, 117 AD2d 661), that is not the situation presented in this case. Here, Supreme Court had before it defendants' cross claim and their bill of particulars, both of which were verified. Together, these submissions were a sufficient affidavit of merits (see, CPLR 105 [t]; Salch v Paratore, 60 NY2d 851, 852-853). Consequently, we do not find that Supreme Court abused its discretion as a matter of law in denying the motion to dismiss. Nor are we persuaded that the carrier was entitled to greater relief than that ordered by Supreme Court.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.