■ TESHUAH FOUNTAIN, an Infant, by ALLAN D. FOUNTAIN, Her Parent, et al., Appellants, v VILLAGE OF CANASTOTA, Respondent. [631 NYS2d 460] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered November 2, 1994 in Madison County, which granted defendant's motion to dismiss the complaint for failure to prosecute.

On May 14, 1993, plaintiffs served a complaint alleging that, on February 15, 1992, members of the Village of Canastota Police Department executed a search warrant at the home of plaintiff Allan D. Fountain, during the course of which lead musket balls owned by Fountain were purportedly strewn about the residence. He claims that, while he and his wife were restrained by law enforcement officials, his two-year-old daughter, plaintiff Teshuah Fountain, obtained and ingested several of these lead objects, leading to severe lead poisoning. Issue was joined on May 24, 1993 and discovery demands were made. On June 9, 1994, defendant served a 90-day demand for

resumption of prosecution pursuant to CPLR 3216. Although plaintiffs at this point made some efforts to complete their discovery obligations, no note of issue was filed. After the 90-day period expired, defendant moved to dismiss the complaint for failure to prosecute. Supreme Court granted the motion and this appeal by plaintiffs followed.

We affirm. When a plaintiff neither files a note of issue nor moves for an extension of time to do so, a defendant's motion to dismiss must be granted unless the plaintiff is able to demonstrate a "justifiable excuse for the delay and a good and meritorious cause of action" (CPLR 3216 [e]; see, *Anderson v Doten*, 187 AD2d 893). Here, plaintiffs' proof—an affidavit submitted by their attorney, which provides neither a coherent explanation for the delays in this case nor competent proof establishing the merits of plaintiffs' claim—fails to meet this standard.

Even if we were to assume that Fountain's verified bill of particulars could properly be considered an affidavit of merit (see, *Pastore v Golub Corp.*, 184 AD2d 827, 828; *Key Bank v New York Cent. Mut. Fire Ins. Co.*, 144 AD2d 847, 848), the record is nevertheless insufficient to establish a viable claim. Fountain was concededly not present in the house and was in police custody both during and after the time the search warrant was executed, and the bill of particulars gives no details, other than speculative ones, as to how the actions of defendant's employees led to the child's injuries. Further, there is no affidavit from the child's mother, despite the fact that she apparently was in the house during the search and presumably possesses first-hand knowledge of the search and its aftermath. Beyond that, there is no fit proof verifying the child's asserted injuries (*cf., Sortino v Fisher*, 20 AD2d 25, 33).

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.