■ MARIE TUFANO, Respondent, v ALFRED TUFANO, Appellant. [631 NYS2d 778] —In an action for a divorce and ancillary relief, the defendant husband appeals from (1) an order of the

Supreme Court, Nassau County (Kutner, J.), dated January 27, 1993, which granted the plaintiff wife's motion, *inter alia,* to direct him, pendente lite, to maintain the registration and insurance on an automobile for her use and to maintain her long distance telephone service, (2) so much of an order of the same court (Kutner, J.), entered February 5, 1993, as denied his motion to remove a related Family Court support proceeding to the Supreme Court, and (3) an order of the same court (Alpert, J.), entered September 14, 1994, which denied his motion to dismiss the complaint.

Ordered that the order entered February 5, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 27, 1993, and the order entered September 14, 1994, are affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Because the divorce action was not commenced in the Supreme Court until after the commencement of the support proceeding, the Family Court had jurisdiction over that proceeding *(see, Matter of Spilman-Toll v Toll,* 209 AD2d 1015). The Supreme Court properly exercised its discretion in denying the defendant's motion to transfer the Family Court support proceeding to the Supreme Court *(see, Kagen v Kagen,* 21 NY2d 532, 537-538).

The Supreme Court properly awarded the plaintiff, pendente lite, the use of the automobile and properly directed the defendant to pay the insurance and the maintenance expenses of the automobile. The court also properly directed the defendant to maintain long-distance telephone service for the plaintiff and to pay $25 per month toward the cost of the long-distance service *(see, O'Connor v O'Connor,* 207 AD2d 334; *Suydam v Suydam,* 167 AD2d 752, 753).

The plaintiff commenced the divorce action in 1991, prior to the enactment of CPLR 306-a. In any event, it appears that the plaintiff did in fact purchase an index number. Any error in the transcription of that index number was a mere irregularity rather than a jurisdictional defect *(see,* CPLR 305; *Cellular Tel. Co. v Village of Tarrytown,* 209 AD2d 57; *Chira v Global Med. Review,* 160 Misc 2d 368; *Kleinman, Saltzman & Goodfriend v Marshall,* 158 Misc 2d 640).

The defendant's remaining contentions are either not properly before this Court as they are raised for the first time on appeal, or without merit. Mangano, P. J., Bracken, Balletta and Hart, JJ., concur.