■ VASILIOS NIKOLAIDIS, Appellant, v MAKITA CORPORATION, Formerly Known as MAKITA ELECTRIC WORKS, LTD., et al., Respondents. (Action No. 1.) VASILIOS NIKOLAIDIS, Appellant, v MAKITA CORPORATION, Formerly Known as MAKITA ELECTRIC WORKS, LTD., et al., Respondents. (Action No. 2.) [661 NYS2d 257] —In two actions, *inter alia*, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated June 12, 1996, as denied those branches of his motion which were for leave to amend the summons and complaint in Action No. 2 and to consolidate the actions under the index number for Action No. 1, Index No. 4219/95.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were for leave to amend the summons and complaint served September 2, 1995, in Action No. 2 and to consolidate Action No. 2, commenced under Index Number 17344/95, with Action No. 1, under the index number for Action No. 1, Index Number 4219/95, are granted.

The plaintiff was allegedly injured while operating a table saw manufactured and designed by, among others, the defendants Makita U.S.A., Inc. (hereinafter Makita U.S.A.) and Makita Electric Works, Ltd. (hereinafter Makita Japan). In February 1995, under Index Number 4219/95, the plaintiff commenced an action (hereinafter Action No. 1) against those defendants alleging, *inter alia*, that his injuries were caused by a design and manufacturing defect in the saw. Service upon Makita U.S.A. was timely made and filed. Service upon Makita Japan, however, which had to be effected pursuant to provisions of the Hague Convention, was not made within the relevant 120-day limit of CPLR 306-b (a). By order dated July 18, 1995, the Supreme Court denied the plaintiff's motion to extend that period. The court noted that pursuant to CPLR 306-b, Action No. 1 was automatically dismissed as against Makita Japan for lack of timely service, and the plaintiff's remedy was to commence a new action against Makita Japan pursuant to CPLR 306-b (b) (*see, Matter of Winston v Freshwater Wetlands Appeals Bd.*, 224 AD2d 160). On August 18, 1995, the plaintiff commenced such a new action, under Index Number 17344/95 (hereinafter Action No. 2). The complaint in Action No. 2 was

identical to that in Action No. 1. On September 2, 1995, Makita Japan was served with a summons and complaint. However, the summons set forth the index number and filing date of Action No. 1. The Supreme Court, *inter alia*, denied the plaintiff's motion to amend the summons served upon Makita Japan so as to reflect the filing date and index number of Action No. 2, and to consolidate Action No. 1 with Action No. 2.

As a threshold issue, we find that the service effected upon Makita Japan on September 2, 1995, was for Action No. 2. Further, we find that, although such service was imperfect, the setting forth of an incorrect filing date and an incorrect index number on the summons were nonjurisdictional defects that, in the absence of prejudice to the defendant, are subject to correction (*see, Forsythe-Kane v Town of Yorktown*, 228 AD2d 548; *Tufano v Tufano*, 220 AD2d 407; *Cellular Tel. Co. v Village of Tarrytown*, 209 AD2d 57; *Chira v Global Med. Review*, 160 Misc 2d 368; *cf., Matter of Fry v Village of Tarrytown*, 89 NY2d 714). Here, in light of the lack of prejudice to Makita Japan, the amendment of the summons to reflect the correct filing date and index number is warranted.

In addition, given the common questions of law and fact which are presented in Actions Nos. 1 and 2, and the lack of prejudice to a substantial right of Makita Japan, the actions should be consolidated (*see,* CPLR 602; *Berman v Greenwood Vil. Community Dev.*, 156 AD2d 326). Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.