■ WINDSOR METAL FABRICATIONS, LTD., Respondent, v FIREMAN'S FUND INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant. FACILITIES DEVELOPMENT CORPORATION, Third-Party Defendant; ISLAND COMBINED CONSTRUCTION, INC., et al., Third-Party Defendants-Respondents. [672 NYS2d 382] —In an action to recover sums due and owing under a performance bond, the defendant third-party plaintiff Fireman's Fund Insurance Co. appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), dated February 24, 1997, as denied its motion, which was, in effect, to vacate the dismissal of the counterclaim and third-party complaint and, upon restoring them, to consolidate them with a second action commenced by the plaintiff against the appellant under Orange County Index No. 866/96, and to renew its prior motion for leave to enter a default judgment against the third-party defendant Island Combined Construction, Inc.

Ordered that the order is modified, on the law, and as a matter of discretion, by deleting the provisions thereof which denied those branches of the motion which were in effect, to vacate the dismissal of the counterclaim and third-party complaint and, upon restoring them, to consolidate them with the second action commenced by the plaintiff against the appellant under Orange County Index No. 866/96, and substituting therefor provisions granting those branches of the motion; as

so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, Windsor Metal Fabrications, Ltd. (hereinafter Windsor), was a subcontractor for Gaylon Construction Corp. (hereinafter Gaylon) in connection with a construction project at the Mid-Hudson Correctional Facility. The appellant, Fireman's Fund Insurance Company (hereinafter Fireman's Fund), issued bonds to Gaylon to insure payment of all costs incurred by it. In 1994 Windsor commenced an action against Fireman's Fund to recover on the performance bond. After issue was joined, Windsor moved for summary judgment and Fireman's Fund opposed the motion, submitting, *inter alia,* an engineer's affidavit charging Windsor with defective workmanship, and requests for change orders by Gaylon and Windsor, charging defects in the architectural drawings.

On March 8, 1995, Windsor's motion for summary judgment was denied, and the parties were directed to appear at a preliminary conference on April 4, 1995. Only counsel for Fireman's Fund appeared on that date, however, and informed the court that Fireman's Fund intended to bring in additional parties. The court directed Fireman's Fund to do so promptly, and the counterclaim and third-party complaint in issue here were served in or about September 1995. In proceedings in open court on November 27, 1995, the court directed Windsor to complete discovery by January 25, 1996, and to serve and file a note of issue by January 31, 1996. The court further directed the parties to appear at a "pretrial conference" on February 8, 1996.

In December 1995 Fireman's Fund moved for leave to enter a default judgment against Windsor on its counterclaim and against Island Combined Construction, Inc., and Fuller & D'Angelo, P. C., on its third-party causes of action. While that motion was pending, on January 2, 1996, Windsor and Fireman's Fund appeared in open court and Windsor consented to dismissal of the main action without prejudice on condition that if the parties "cannot settle our differences within ninety days [Fireman's Fund] will waive [the] Statute of Limitations defense under CPLR 7510, and also pay costs to initiate another action". Simultaneously, Fireman's Fund withdrew those branches of its motion which were for leave to enter default judgments against Windsor and Fuller & D'Angelo, P. C. That branch of the motion of Fireman's Fund which was for leave to enter a default judgment in the third-party action against Island Combined Construction, Inc., was denied by order dated January 24, 1996.

Since Windsor's action was dismissed, no note of issue was served and filed. Nevertheless, the pretrial conference scheduled for February 8, 1996, remained on the court's calendar. When none of the parties appeared on that date, the court dismissed both the counterclaim and third-party complaint pursuant to 22 NYCRR 202.27 (c), which provides that "[i]f no party appears, the judge may make such order as appears just". However, no order or judgment dismissing the counterclaim and third-party action was entered. Meanwhile, Windsor and Fireman's Fund were unable to settle, and Windsor commenced a second action by summons and verified complaint dated February 5, 1996, under Orange County Index No. 866/96, asserting claims identical to those asserted in the first. Fireman's Fund proceeded with discovery on its counterclaim and its third-party complaint in the first action.

In December 1996 Fireman's Fund brought the instant motion, *inter alia,* to vacate the dismissal of the counterclaim and third-party complaint, and to consolidate them with Windsor's second action. Fireman's Fund also sought to renew that branch of its prior motion which was for leave to enter a default judgment against the third-party defendant Island Combined Construction, Inc. The third-party defendant Fuller & D'Angelo, P. C., cross-moved, *inter alia,* to dismiss the third-party complaint based upon the failure of Fireman's Fund to appear at the pretrial conference on February 8, 1996. Fuller & D'Angelo, P. C., did not explain its own failure to appear at the conference, and acknowledged that discovery continued after February 8, 1996. Fireman's Fund argued that its default in appearing had been inadvertent, because the parties assumed that once Windsor's main action was dismissed, the pretrial conference was canceled. It further contended that it had meritorious claims, as established by the engineer's affidavit and the exhibits it had originally submitted to the court in opposition to Windsor's prior motion for summary judgment.

The Supreme Court denied Fireman's Fund's motion, and denied the cross motion as academic, on the ground that the counterclaim and third-party complaint had already been dismissed.

Fireman's Fund demonstrated both that it had a reasonable excuse for its failure to appear at the pretrial conference, and that its claims are meritorious (*see, Haberlin v New York City Tr. Auth.,* 228 AD2d 383; *Framapac Delicatessen v Wolf,* 160 AD2d 168). Under these circumstances, the counterclaim and third-party complaint should have been reinstated (*see, Kane v Kane,* 163 AD2d 568; *Ballen v Aero Mayflower Tr. Co.,* 144

AD2d 407). Consolidation with the action commenced by Windsor under Index No. 866/96 is also appropriate (*see, McDutchess Bldrs. v Dutchess Knolls,* 244 AD2d 534; *Nikolaidis v Makita Corp.,* 242 AD2d 322).

The appellant's remaining contention is without merit (*see, Zurel, U.S.A. v Black,* 215 AD2d 554). Rosenblatt, J. P., Ritter, Sullivan and Goldstein, JJ., concur.