■ GERALD J. D'ANIELLO, Appellant, v T.E.H. SLOPES, INC., Doing Business as OUTBACK SALOON, et al., Respondents, et al., Defendant. (Action No. 1.) T.E.H. SLOPES, INC., Doing Business as OUTBACK SALOON, Respondent, v ZURICH RE (UK) LTD., Respondent, and GERALD J. D'ANIELLO, Appellant. (Action No. 2.) [756 NYS2d 54] —In related actions (1) to recover damages for personal injuries, and (2) for a judgment declaring that Zurich RE (UK) Ltd. is obligated to defend and indemnify T.E.H. Slopes, Inc., doing business as Outback Saloon in Action No. 1, Gerald J. D'Aniello, the plaintiff in Action No. 1 and a defendant in Action No. 2 appeals (1) from an order of the Supreme Court, Kings County (Mason, J.), dated September 5, 2001,

which denied his motion to vacate an order of the same court, dated June 20, 2001, dismissing Action No. 1 upon his failure to appear, inter alia, for a conference, and granted the respective cross motions of T.E.H. Slopes, Inc., doing business as Outback Saloon and Burton Snowboards, defendants in that action, for summary judgment dismissing the complaint on the merits insofar as asserted against them, and (2), as limited by his brief, from so much of an order of the same court dated November 27, 2001, as upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated September 5, 2001, is dismissed, without costs or disbursements, as that order was superseded by the order dated November 27, 2001, made upon reargument; and it is further,

Ordered that the order dated November 27, 2001, is reversed insofar as appealed from, on the law, and, upon reargument, the motion to vacate is granted, the cross motions are denied, and the orders dated June 20, 2001, and September 5, 2001, are vacated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

Gerald J. D'Aniello allegedly was injured during an incident which occurred on December 8, 1997, at premises located in Tannersville. D'Aniello alleged that T.E.H. Slopes, Inc., doing business as Outback Saloon (hereinafter TEH) owned and operated a bar/restaurant/tavern at that location. He further alleged that while attending a party sponsored by Burton Snowboards (hereinafter Burton), he was injured when he was assaulted by the defendant Peter Seminara, an employee of Burton, and by unnamed "bouncers" allegedly employed by TEH.

D'Aniello commenced Action No. 1 against TEH, Burton, and Seminara. Action No. 2 was commenced by TEH against its insurer, Zurich Re (UK) Ltd. (hereinafter Zurich), for indemnification under the terms of the insurance policy, upon Zurich's late disclaimer of coverage.

At a conference on June 21, 2001, the Supreme Court, finding that D'Aniello had failed to appear for the conference, as well as several other conferences, dismissed Action No. 1. The dismissal of Action No. 1 rendered Action No. 2 academic.

By order dated September 5, 2001, D'Aniello's motion to vacate the dismissal of Action No. 1 was denied. The separate cross motions of TEH and Burton for summary judgment dismissing Action No. 1 on the merits were granted. D'Aniello moved for leave to reargue. Upon granting reargument, the Supreme Court adhered to its prior determination.

The Supreme Court improvidently exercised its discretion in denying, upon reargument, D'Aniello's motion to vacate the default. To establish entitlement to vacatur of a default, a plaintiff must demonstrate a reasonable excuse for the default and a meritorious cause of action (*see J.P. Equip. Rental & Materials v Fidelity Guar. Ins. Co.,* 288 AD2d 187; *Matter of Gambardella v Ortov Light.,* 278 AD2d 494; *Parker v City of New York,* 272 AD2d 310). D'Aniello established both. D'Aniello's counsel submitted an affirmation explaining that he had, in fact, appeared at the prior conferences, or had outside counsel appear for him. The conferences that he did not attend were ones where his presence was unnecessary. At the June 21, 2001, conference, after speaking with one of the defendant's attorneys and at the suggestion of the attorney, he left the courtroom to make a telephone call, and therefore missed the calendar call on that day. D'Aniello moved promptly to vacate the default and showed merit to his claim. Accordingly, his complaint should not have been dismissed (*see Windsor Metal Fabrications v Fireman's Fund Ins. Co.,* 250 AD2d 602).

The Supreme Court incorrectly granted the cross motions of TEH and Burton for summary judgment. The dismissal of Action No. 1, and the subsequent denial of D'Aniello's motion to vacate the dismissal, rendered the cross motions academic. Furthermore, even if the Supreme Court vacated D'Aniello's default, the cross motions would have been untimely, as they did not afford D'Aniello an opportunity to respond (*see Perez v Perez,* 131 AD2d 451). CPLR 2215 requires that a cross motion be served at least three days before the return date of the motion. If the movant serves by mail, CPLR 2103 (b) (2) requires that five additional days be added, thereby providing a reasonable period for receipt (*see Perez v Perez, supra*). The return date of D'Aniello's motion was August 14, 2001. TEH's cross motion was served by mail on August 9, 2001, and Burton's cross motion was served by mail on August 8, 2001. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.