■ MARIE GUASTELLA, Appellant, v CHARLES L. EMMA et al., Respondents. [761 NYS2d 90] —In an action, inter alia, to recover damages for legal malpractice and to set aside a judgment of divorce, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated July 17, 2002, as denied that branch of her motion which was to compel additional disclosure pursuant to CPLR 3124.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with one bill of costs, and that branch of the motion which was to compel additional disclosure is granted.

In an underlying divorce action, the defendant Bernard Guastella and the plaintiff, Marie Guastella, were represented by the defendant Charles L. Emma, Mr. Guastella's longtime friend. Pursuant to the stipulation of settlement, which was subsequently incorporated but not merged into the judgment of divorce, Mr. Guastella was required to pay the plaintiff maintenance in the amount of $50 per week for a period of four years, and the parties waived their respective rights to equitable distribution. The plaintiff subsequently commenced this action, inter alia, to recover damages for legal malpractice, and

to set aside the judgment of divorce on the ground of unconscionability.

Although the plaintiff signed a certification order wherein she acknowledged that discovery was complete, under the circumstances of this case, she should be accorded a further opportunity to examine Mr. Guastella's finances with regard to his ownership of an insurance brokerage business (*see Ross v Ross,* 140 AD2d 683 [1988]; *Perez v Perez,* 131 AD2d 451 [1987]). Santucci, J.P., Smith, Luciano, Schmidt and Mastro, JJ., concur.