■ ANNA REICES, Appellant, v CATHOLIC MEDICAL CENTER OF BROOKLYN & QUEENS, INC., Respondent. [761 NYS2d 285] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Huttner, J.), dated July 3, 2002, which denied her motion to vacate the dismissal of the action, in effect, pursuant to 22 NYCRR 202.27.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The plaintiff's action was dismissed when the plaintiff's counsel failed to appear at a trial calendar call of the action. To be relieved of the default in appearing at the calendar call, the plaintiff was required to show both a reasonable excuse for the default and a meritorious cause of action (see CPLR 5015 [a] [1]; 22 NYCRR 202.27; Mevorah v King, 303 AD2d 657 [2003]; D'Aniello v T.E.H. Slopes, 301 AD2d 556 [2003]; Bloom v Primus Automotive Fin. Servs., 292 AD2d 410 [2002]; Lopez v Imperial Delivery Serv., 282 AD2d 190, 197 [2001]). The plaintiff demonstrated both. The plaintiff's counsel was only 10 to 15 minutes late in appearing for the calendar call, and that counsel was late simply because he stepped outside the courtroom to make a phone call to his office to determine, inter alia, how the action should proceed (see e.g. D'Aniello v T.E.H. Slopes, supra). In addition, the bill of particulars, verified by the plaintiff, was sufficient to demonstrate the merits of the action (see Pastore v Golub Corp., 184 AD2d 827 [1992]; Key Bank v New York Cent. Mut. Fire Ins. Co., 144 AD2d 847 [1988]; Nicholos v Cashelard Rest., 249 AD2d 187 [1998]). Thus, the Supreme Court should have granted the plaintiff's motion to vacate the dismissal. Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.