◼ KERI FELSEN, Respondent, v STOP & SHOP SUPERMARKET COMPANY, LLC, Appellant. [919 NYS2d 883]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), entered August 20, 2010, as, in effect, granted those branches of the plaintiff's motion which were to vacate a prior order of the same court dated December 16, 2009, dismissing the action upon the plaintiff's failure to appear at a compliance conference, and to restore the action to the active calendar.

Ordered that the order entered August 20, 2010, is affirmed insofar as appealed from, with costs.

The action was dismissed when the plaintiff's attorney failed to appear at a compliance conference (*see* 22 NYCRR 202.27 [b]). To be relieved of the default in appearing at that conference, the plaintiff was required to show both a reasonable excuse for the default and the existence of a potentially meritorious cause of action (*see* CPLR 5015 [a] [1]; *Marrero v Crystal Nails*, 77 AD3d 798, 799 [2010]; *Siculan v Koukos*, 74 AD3d 946, 947 [2010]; *Chechen v Spencer*, 68 AD3d 801, 802 [2009]; *Barnave v United Ambulette, Inc.*, 66 AD3d 620 [2009]). When the plaintiff's attorney appeared at the courtroom at 9:50 A.M., the assigned Justice was on the bench conducting an unrelated trial. After being informed by the defendant's attorney of certain

outstanding discovery, the plaintiff's attorney stepped away from the courtroom, inter alia, to make a telephone call to her office regarding this discovery. When the plaintiff's attorney returned to the courtroom, she discovered that the action had been dismissed at 10:45 A.M. The plaintiff established a reasonable excuse for her default (see *Rugieri v Bannister*, 22 AD3d 299 [2005], *mod* 7 NY3d 742 [2006]; *Reices v Catholic Med. Ctr. of Brooklyn & Queens*, 306 AD2d 394 [2003]; *D'Aniello v T.E.H. Slopes*, 301 AD2d 556, 558 [2003]). Furthermore, the plaintiff's verified complaint and affidavit of merit set forth facts sufficient to establish the existence of a potentially meritorious cause of action (see *Zeltser v Sacerdote*, 24 AD3d 541, 542 [2005]; *Bianco v LiGreci*, 298 AD2d 482 [2002]; *Anamdi v Anugo*, 229 AD2d 408, 409 [1996]). Accordingly, the Supreme Court providently exercised its discretion in granting those branches of the plaintiff's motion which were to vacate the prior order dismissing the action and to restore the action to the active calendar (see *Rugieri v Bannister*, 22 AD3d 299 [2005]; *Reices v Catholic Med. Ctr. of Brooklyn & Queens*, 306 AD2d 394 [2003]; *D'Aniello v T.E.H. Slopes*, 301 AD2d at 558). Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32291(U).]**