EMC Health Products, Inc., as Assignee of Gary Watson, Respondent, 
against
Erie Insurance Company of New York, Appellant.



Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered July 7, 2014. The order denied defendant's motion to vacate a prior order of the same court (Wavny Toussaint, J.) entered September 24, 2013 which, upon defendant's default in appearing for oral argument, granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint, and, upon vacatur of the September 24, 2013 order, for a finding that the complaint had been dismissed pursuant to a previously issued, self-executing conditional order or, in the alternative, for "permission to reargue" defendant's cross motion and its opposition to plaintiff's motion.




ORDERED that the order entered July 7, 2014 is modified by providing that the branch of defendant's motion seeking to vacate the order entered September 24, 2013 is granted and the matter is remitted to the Civil Court for argument and determination of plaintiff's motion for summary judgment and defendant's cross motion for summary judgment dismissing the complaint; as so modified, the order entered July 7, 2014 is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from an order of the Civil Court entered July 7, 2014 which denied its motion to vacate a prior order, entered September 24, 2013, which had granted plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint upon defendant's default in appearing for oral argument, and, upon vacatur, to find that the complaint had been dismissed pursuant to a previously issued, self-executing conditional order or, in the alternative, for "permission to reargue" its cross motion and its opposition to plaintiff's motion.
In order to be entitled to vacatur of the entire order entered September 24, 2013, which was issued upon defendant's failure to appear for oral argument, defendant was required to establish, pursuant to CPLR 5015 (a) (1), a reasonable excuse for its default, a potentially meritorious defense to plaintiff's motion and the potential merits of the cross motion (see 1158 Props., LLC v 1158 McDonald, LLC, 104 AD3d 658 [2013]; A.B. Med. Servs., PLLC v GLI Corporate Risk Solutions, Inc., 25 Misc 3d 137[A], 2009 NY Slip Op 52322[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Here, defendant's attorney submitted an affirmation in which he explained that he had been late to the calendar call because there had been a major traffic jam due to a car accident, and that he had requested that plaintiff vacate the default upon [*2]his arrival. We find that defendant thereby established a reasonable excuse for its default (see Morales v Marma, 88 AD3d 722, 723 [2011]; Felsen v Stop & Shop Supermarket Co., LLC, 83 AD3d 656, 656-657 [2011]; Reices v Catholic Med. Ctr. of Brooklyn & Queens, 306 AD2d 394 [2003]). Furthermore, defendant demonstrated the existence of a potentially meritorious defense to plaintiff's motion and the potential merits of the cross motion. Accordingly, the branch of defendant's motion seeking to vacate the prior order should have been granted.
Defendant argues that the complaint had already been dismissed because plaintiff allegedly failed to comply with a conditional, self-executing order dated June 24, 2013. However, defendant has not given any indication that the June 24, 2013 order had been served on plaintiff. Therefore, defendant has not demonstrated that the order became binding (see CPLR 2220; All Boro Psychological Servs., P.C. v Travelers Prop. Cas. Co. of Am., 44 Misc 3d 48, 50 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Consequently, we cannot find, on this record, that the complaint had been dismissed.
In view of the foregoing, we remit the matter to the Civil Court for argument and determination of plaintiff's motion for summary judgment and defendant's cross motion for summary judgment dismissing the complaint.
Accordingly, the order entered July 7, 2014 is modified by providing that the branch of defendant's motion seeking to vacate the order entered September 24, 2013 is granted, and the matter is remitted to the Civil Court for argument and determination of plaintiff's motion for summary judgment and defendant's cross motion for summary judgment dismissing the complaint.
Aliotta, J.P., Pesce and Solomon, JJ., concur. 
Decision Date: December 07, 2016