JPMorgan Chase Bank, N.A. v Grinkorn (2019 NY Slip Op 03958)





JPMorgan Chase Bank, N.A. v Grinkorn


2019 NY Slip Op 03958


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-05828
2016-08493
2017-00143
 (Index No. 19674/09)

[*1]JPMorgan Chase Bank, National Association, etc., respondent, 
v
Joseph Grinkorn, appellant, et al., defendants.


Zisholtz & Zisholtz, LLP, Mineola, NY (Meng Cheng of counsel), for appellant.
Parker Ibrahim & Berg LLC, New York, NY (Scott W. Parker of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Joseph Grinkorn appeals from two orders of the Supreme Court, Westchester County (Robert M. DiBella, J.), both dated March 29, 2016, and an order of the same court (Lewis J. Lubell, J.) dated November 30, 2016. The orders dated March 29, 2016, insofar as appealed from, (1) granted those branches of the plaintiff's motion which were to restore the action to the active calendar, for leave to enter a default judgment against the defendant Joseph Grinkorn, to appoint a referee to compute the amount due to the plaintiff, to deem the summons and complaint timely served nunc pro tunc, and to reform the mortgage documents and for leave to amend the complaint and other litigation documents in the action nunc pro tunc to correct certain errors, and (2) denied, without a hearing, the cross motion of the defendant Joseph Grinkorn to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, in the alternative, to vacate his default in appearing or answering the complaint and for leave to serve a late answer. The order dated November 30, 2016, insofar as appealed from, denied that branch of the motion of the defendant Joseph Grinkorn which was for leave to renew his cross motion and his opposition to the plaintiff's motion.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The defendant Joseph Grinkorn (hereafter the appellant) executed, in favor of the plaintiff's predecessor in interest, a series of promissory notes, secured by mortgages on certain residential property, as well as consolidation, extension, and modification agreements (hereinafter CEMAs), consolidating the notes and mortgages. Upon the appellant's alleged default in making payment on the debt, the plaintiff commenced this action to foreclose the consolidated mortgage and to reform the mortgage documents to correct certain errors. Service was allegedly made upon the appellant pursuant to CPLR 308(2) by, on September 5, 2009, serving a copy of the summons and complaint on a person of suitable age and discretion at the appellant's dwelling place, followed by a mailing. Upon discovering that the index number listed on the copies of the summons and [*2]complaint served on the appellant contained a typographical error, the plaintiff re-served the appellant by, on April 28, 2010, affixing copies of the summons and complaint containing the correct index number to the door of the appellant's residence, followed by a mailing. The appellant failed to appear or answer the complaint. In July 2010, within one year of the appellant's default, the plaintiff moved for an order of reference, but thereafter withdrew the motion.
In May 2014, the plaintiff moved, inter alia, to restore the action to the active calendar, for leave to enter a default judgment against the appellant, to appoint a referee to compute the amount due to the plaintiff, to deem the summons and complaint timely served nunc pro tunc, and to reform the mortgages and CEMAs and for leave to amend the complaint and other litigation documents in the action nunc pro tunc to correct certain errors. The appellant cross-moved to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction or, alternatively, to vacate his default in appearing or answering the complaint and for leave to serve a late answer. In two orders dated March 29, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied, without a hearing, the appellant's cross motion. The appellant thereafter moved, inter alia, for leave to renew his cross motion and his opposition to the plaintiff's motion. In an order dated November 30, 2016, the court, among other things, denied that branch of the appellant's motion which was for leave to renew. The appellant appeals from the two orders dated March 29, 2016, and the order dated November 30, 2016.
As a threshold matter, the plaintiff demonstrated its entitlement to a default judgment against the appellant and an order of reference by submitting proof of service of a copy of the summons and complaint, proof of the facts constituting the causes of action, including that the appellant defaulted on his payment obligations, and proof that the appellant failed to appear or answer within the time allowed (see RPAPL 1321[1]; CPLR 3215[f]; Aurora Loan Servs., LLC v Movtady, 165 AD3d 1025, 1026; 21st Mtge. Corp. v Palazzotto, 164 AD3d 1293, 1294). Among other things, the plaintiff's submissions established its entitlement to reform the mortgages and CEMAs nunc pro tunc to correct certain scrivener's errors to accurately reflect the parties' agreement (see Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1226-1227), as well as its entitlement to leave to amend the complaint and other litigation documents nunc pro tunc to correct certain typographical errors (see id. at 1226-1227; see also CPLR 2001; Key Bank Natl. Assn. v Stern, 14 AD3d 656, 657).
"To successfully oppose a facially adequate motion for leave to enter a default judgment and for an order of reference based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for the delay and a potentially meritorious defense to the action" (Aurora Loan Servs., LLC v Movtady, 165 AD3d at 1026-1027). However, where, as here, a defendant seeking to vacate a default raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1) (see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897).
The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff (see Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service (see US Bank N.A. v Ramos, 153 AD3d 882, 884; Wells Fargo Bank, NA v Chaplin, 65 AD3d at 589). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit" (Washington Mut. Bank v Huggins, 140 AD3d 858, 859). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (id. at 859; see Machovec v Svoboda, 120 AD3d 772, 773-774).
Here, we agree with the Supreme Court's determination that the appellant's submissions were insufficient to show that service of process was invalid, or to warrant a hearing to determine the validity of service (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 718; Washington Mut. Bank v Huggins, 140 AD3d at 859; HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 863). Among other things, the typographical error in the index number of the summons and [*3]complaint served on September 5, 2009, was a nonjurisdictional defect which, in the absence of prejudice to the appellant, was subject to correction (see Nikolaidis v Makita Corp., 242 AD2d 322, 323). In any event, under the circumstances presented, the court providently exercised its discretion in determining that an extension of time for service was warranted under CPLR 306-b, thereby, in effect, validating the subsequent service made on April 28, 2010, nunc pro tunc (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-107; Emigrant Bank v Estate of Robinson, 144 AD3d 1084, 1085-1086; Jhang v Nassau Univ. Med. Ctr., 140 AD3d 1018, 1019-1020; Thompson v City of New York, 89 AD3d 1011, 1012).
Turning to the alternative branch of the appellant's cross motion, which was to vacate his default in appearing and answering the complaint, the appellant failed to demonstrate a reasonable excuse for his default (see Aurora Loan Servs., LLC v Movtady, 165 AD3d at 1027). Therefore, it is unnecessary to determine whether he established a potentially meritorious defense (see id.; JP Morgan Chase Bank, N.A. v Russo, 121 AD3d 1048, 1049).
Accordingly, we agree with the Supreme Court's determination, in the orders dated March 29, 2016, denying, without a hearing, the appellant's cross motion, and granting the subject branches of the plaintiff's motion.
We also agree with the Supreme Court's determination, in the order dated November 30, 2016, denying that branch of the appellant's motion which was for leave to renew his cross motion and his opposition to the plaintiff's motion. The appellant failed to offer a reasonable justification for his failure to submit the new evidence on the prior motion and cross motion (see CPLR 2221[e]; Hernandez v Nwaishienyi, 148 AD3d 684, 687; TD Bank, N.A. v Chaim, 140 AD3d 850, 850; Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586). In any event, the appellant failed to demonstrate that the evidence would have changed the prior determination (see CPLR 2221[e][2], [3]; Wells Fargo Bank, N.A. v Chaplin, 100 AD3d 744, 745).
The appellant's remaining contention is improperly raised for the first time on appeal and, thus, is not properly before this Court (see Flagstar Bank, FSB v Titus, 120 AD3d 469, 470).
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court