SS Charmer Corp. v First Natl. Bank of Long Is. (2019 NY Slip Op 04216)





SS Charmer Corp. v First Natl. Bank of Long Is.


2019 NY Slip Op 04216


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2018-12135
 (Index No. 607127/15)

[*1]SS Charmer Corp., appellant, 
v
First National Bank of Long Island, respondent.


Richard M. Hendler, Great Neck, NY, for appellant.
Schupbach, Williams & Pavone LLP, Garden City, NY (Arthur C. Schupbach of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach contract, asserting a breach of the covenant of good faith and fair dealing, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 2, 2018. The order denied the plaintiff's motion to vacate an order of the same court dated November 20, 2017, which, sua sponte, directed dismissal of the action pursuant to 22 NYCRR 202.27, and to restore the action to the trial calendar.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the plaintiff's motion to vacate the order dated November 20, 2017, and to restore the action to the trial calendar is granted.
The plaintiff commenced this action to recover damages for breach of contract, asserting a breach of the covenant of good faith and fair dealing and real or constructive eviction or ejectment. On November 20, 2017, the matter appeared on the Supreme Court's calendar. Since the plaintiff's counsel was unavailable, another attorney from the plaintiff's counsel's law firm appeared on behalf of the plaintiff. When the case was called at approximately 9:30 a.m., counsel for the plaintiff and counsel for the defendant jointly requested an adjournment due to a pending motion for summary judgment. The court denied the request and advised the parties to appear again at 11:00 a.m. that same day. However, the attorney appearing on behalf of the plaintiff was unable to remain at the courthouse due to another pending matter in Queens. Attempts to find another attorney to appear for the second calendar call were unsuccessful. When counsel for the plaintiff failed to appear at the second calendar call, the court, sua sponte, directed dismissal of the action pursuant to 22 NYCRR 202.27.
The plaintiff moved to vacate the November 20, 2017, dismissal order and to restore the action to the trial calendar. In an order entered April 2, 2018, the Supreme Court denied the plaintiff's motion, determining that the plaintiff failed to demonstrate a reasonable excuse for its failure to appear at the second calendar call. The plaintiff appeals.
Under 22 NYCRR 202.27, a court may dismiss an action when a plaintiff fails to appear at a calendar call (see Geffner v Mercy Med. Ctr., 167 AD3d 571, 573; Felsen v Stop & Shop Supermarket Co., LLC, 83 AD3d 656, 656. In order to be relieved of that default, the plaintiff was [*2]required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see Geffner v Mercy Med. Ctr., 167 AD3d 574, 574; Guttilla v Peppino's Food, Inc., 125 AD3d 604, 605; Vera v Soohoo, 99 AD3d 990, 992; Felsen v Stop & Shop Supermarket Co., LLC, 83 AD3d at 656).
Here, we agree with the plaintiff that the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion. The plaintiff's claim of law office failure was "supported by a detailed and credible explanation of the default at issue" (Lee v Latendorf, 162 AD3d 1002, 1003), and there was no pattern of willful default and neglect (cf. Lee v Latendorf, 162 AD3d at 1003). Under the circumstances, we conclude that the plaintiff demonstrated a reasonable excuse for its default in appearing at the second calendar call (see Guttilla v Peppino's Food, Inc., 125 AD3d at 605; Felsen v Stop & Shop Supermarket Co., LLC, 83 AD3d at 656-657). Furthermore, the affidavit of the plaintiff's principal set forth facts sufficient to establish the existence of a potentially meritorious cause of action (see Felsen v Stop & Shop Supermarket Co., LLC, 83 AD3d at 657).
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order dated November 20, 2017, and to restore the action to the trial calendar.
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court