■ RENEE RICHMAN, Respondent, v MARTIN RICHMAN, Appellant. — Judgment of the Supreme Court, New York County, entered December 29, 1980, which, *inter alia,* awarded counsel fees in the amount of $4,500 to counsel for plaintiff-respondent wife, unanimously modified, in the exercise of discretion, without costs, to the extent of reducing the additional allowance to $650, which amount should include services rendered in the instant appeal, and otherwise affirmed. In this uncomplicated matrimonial matter, it is open to question that the number of professional hours spent by plaintiff's counsel was necessary. In the circumstances of this case, a fee of $2,500 would appear to be adequate for plaintiff's counsel. Inasmuch as plaintiff's counsel has already received sums of $1,500 and $350, a further payment of $650 only is appropriate. We note that counsel for defendant has represented that her fee will not exceed $2,500. Concur — Birns, J. P., Sandler, Silverman, Bloom and Fein, JJ.

■ CHITRA S. DESAI, Respondent, v CITY OF NEW YORK, Defendant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. — Order, Supreme Court, New York County, entered December 3, 1980, reversed, on the law, the motion to vacate a default granted, the inquest taken on default vacated, the judgment entered thereon vacated and set aside, and the case directed to be set down for trial anew without delay, without costs. It is quite understandable that declaration of an emergency in the court system, requiring strenuous efforts to clear up calendars, requires expedited procedures, but that provides no basis for disregarding the clear rule of calendar practice set out in New York and Bronx County Supreme Court Rules as subdivision (e) of rule 660.5 (22 NYCRR 660.5 [e]), appertaining to actual engagement of counsel. There was no reason to believe the situation to be other than as represented by defendant's attorney: that he was actually on trial, having selected a jury in a case about to begin, that there was no attorney available to replace him, and that his unavailability would last no longer than the case requiring his attention. There was not the slightest indication of bad faith or attempt at undue delay, nor any demonstration of prejudice to plaintiff. In short, there was no basis for denial of "ready subject." Concur — Sullivan, J. P., Markewich, Bloom and Fein, JJ.