■ ZIV INTERNATIONAL, INC., Appellant, v PATHE NEWS, INC., et al., Respondents. — Order, Supreme Court, New York County (Grossman, J.), entered March 23, 1981, denying plaintiff's motion to vacate the dismissal of the complaint on default and to restore the action to the Trial Calendar, unanimously reversed, on the law and in the exercise of discretion, with costs and disbursements, the motion granted, the complaint reinstated, the findings on inquest vacated and the matter set down for immediate trial. This action first appeared on the conference calendar on September 15, 1981. When it became apparent that the case could not be settled the court, rejecting plaintiff's request for a later date to enable it to bring its witnesses from California, adjourned the matter for trial to October 1, 1981. By letter dated September 25, 1981, a copy of which was sent to defendant's attorney, plaintiff's counsel, at the suggestion of the court's law secretary, wrote the court, requesting an adjournment to October 29, 1981 on the ground that, at the direction of the Appellate Division, Second Department, a matter in which he was acting as trial counsel had been set down for trial in Supreme Court, Nassau County, on October 1, 1981, and for the further reason that plaintiff's president, a key witness, would be out of the country from October 9 through October 24, 1981. In a subsequent telephone conversation, the law secretary informed counsel that the request "most probably would be granted", but that an attorney should be present on October 1 to make a formal application. As a result of that conversation, no arrangements were made to have plaintiff's prospective witnesses present in New York on October 1, 1981. On October 1, 1981, the court denied the application for an adjournment and scheduled the trial for the next day. At a conference on October 2 the court was advised that plaintiff's attorney was actually engaged in Nassau County, that plaintiff's witnesses were unavailable, and that his law secretary had indicated that an adjournment would be granted. The court refused, however, to grant an adjournment beyond October 5, 1981, the next business day. Plaintiff's counsel executed an affidavit of engagement with respect to the Nassau County case. The affidavit, which was submitted by an associate on October 5, also recited the unavailability of plaintiff's witnesses and the law secretary's advice to counsel. The court denied the application for an adjournment, dismissed the complaint and proceeded with an inquest on defendant's counterclaim. Plaintiff's subsequent motion to vacate the default, on papers which summarized the foregoing, was denied. Subdivision (e) of section 660.5 of the Rules of the Supreme Court, New York and Bronx Counties (22 NYCRR 660.5 [e]), which provides that "[i]f it shall appear by affidavit that trial counsel * * * is actually engaged in the trial of a cause in a federal or state court of record * * * the cause shall be held subject until such * * * trial * * * is concluded", was clearly violated since there was no reason to reject the affidavit. (See *Desai v City of New York*, 81 AD2d 797.) Thus, on this ground alone, reversal is mandated. Moreover, in the circumstances, it was an improvident exercise of discretion not to grant plaintiff a reasonable adjournment. At the time of dismissal a total of 20 days had elapsed since the case first appeared on the pretrial conference calendar. Concur — Murphy, P. J., Kupferman, Sullivan, Asch and Alexander, JJ.