RACHEL MAYO et al., Appellants, v NEW YORK TELEPHONE COMPANY et al., Respondents. (And Another Related Action.)—Yesawich Jr., J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsalos, J.), entered April 20, 1990 in Orange County, which denied plaintiffs' motion to, *inter alia,* vacate the court's *sua sponte* dismissal of the complaints.

This negligence action was scheduled for a status conference to be held on January 11, 1990. On January 10, 1990 plaintiffs' counsel, who had failed to appear before Supreme Court on this case several times in the past, sent the court a facsimile of an affirmation of his actual engagement in a trial and requested the matter be adjourned to a date after January 18, 1990. The affirmation advised that plaintiffs' counsel was engaged in Supreme Court, New York County, and that counsel's sole associate was also actually engaged in an arbitration trial; the arbitration, at which witnesses from California were to be present, had been scheduled three months earlier. Notwithstanding that Supreme Court received telephone verification of counsel's other engagement, the court *sua sponte* dismissed plaintiffs' complaint on the merits because counsel failed to appear at the January 11, 1990 conference. Plaintiffs' motion to have the court reconsider its dis-

missal of their case, to withdraw the dismissal and to recuse itself was denied. The court observed that the moving papers lacked an affirmation from the associate of plaintiffs' counsel and a proper affidavit of merit. Plaintiffs appeal.

Engagement of counsel in another court has long been recognized as a valid ground for an adjournment *(Matter of Poole v Mayer,* 112 AD2d 853, 854; *Merit Oil Heating Corp. v Morfesis,* 91 AD2d 604; *Ziv Intl. v Pathe News,* 90 AD2d 753; *Ansani v Osnato,* 25 NYS2d 806; *see also,* Rules of Chief Administrator of Courts 22 NYCRR § 125.1 [a]). Here, there is no reason to believe that the situation brought to Supreme Court's attention was not as plaintiffs' counsel represented. In addition, the merits of plaintiffs' action are sufficiently apparent: plaintiffs were passengers in a two-car collision from which each of them assertedly suffered serious injuries within the meaning of Insurance Law § 5102 (d). Nor does it appear in the record that any of the parties to this litigation would have been prejudiced had the requested adjournment been granted. Under these circumstances, it was an improvident exercise of discretion for the court to refuse to honor counsel's affirmation of engagement.

Supreme Court's refusal to adjourn does not, however, warrant recusal, even though it is apparent that the court was annoyed at what it perceived to be another attempt by counsel to further delay the proceedings *(see, Board of Educ. v Pisa,* 55 AD2d 128, 136; *compare, Matter of Johnson v Hornblass,* 93 AD2d 732, 732-733).

Casey, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiffs' motion to reconsider dismissal of their action and to withdraw dismissal of same; motion granted to that extent; and, as so modified, affirmed.