■ Esther Krivda, Appellant, v Liberty Lines Express, Inc., Respondent. Olonoff, Asen & Serebro, LLP, Nonparty Appellant. [811 NYS2d 363]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 26, 2005, which, insofar as appealed from, directed nonparty appellant, the law firm representing plaintiff in this action for personal injuries, to pay $2,500 to the Lawyers' Fund for Client Protection as a condition to vacating an order that dismissed the action for "failure to prosecute," unanimously reversed, on the law and the facts, without costs, the sanction vacated and plaintiff's motion to vacate her default and restore the action to the trial calendar granted unconditionally.

The order on appeal directing the $2,500 payment states that the complaint was dismissed because of "plaintiff's attorney's failure to appear and prosecute the matter on the date of the trial set by the court." It thus appears that the action was dismissed pursuant to 22 NYCRR 202.27 and the sanction imposed pursuant to 22 NYCRR subpart 130-2. In this light, the order on appeal, insofar as it imposed a sanction, is deficient as a matter of law for failure to set forth the reasons why appellant's failure to appear for trial was without good cause and why the amount imposed, the maximum, is appropriate (22

NYCRR 130-2.1 [b]; 130-2.2). Indeed, neither the order dismissing the action nor the order on appeal conditionally vacating the dismissal upon payment of the sanction purports to describe any of the "attendant circumstances" (22 NYCRR 130-2.1 [b]). Upon review, it appears that a member of appellant firm appeared in court on the day scheduled for trial and asked for a two-week adjournment, explaining that her firm's trial lawyer was actually engaged and that she herself could not go forward because she was not a trial lawyer. It further appears that defendant's attorney consented to the requested adjournment and that defendant's opposition to appellant's motion to vacate and restore claimed no prejudice as a result of appellant's unreadiness to go to trial. The record does not permit findings as to whether there were other delays in going to trial and, if so, who was to blame. Upon such a sparse record, and particularly in the absence of an order describing the attendant circumstances, the imposition of a 22 NYCRR subpart 130-2 sanction cannot be justified. Concur—Buckley, P.J., Marlow, Sullivan, Catterson and McGuire, JJ.