■ Julie McKenna et al., Appellants, v Susan Connors et al., Respondents. [830 NYS2d 787]—

Crew III, J. Appeals (1) from an order and judgment of the Supreme Court (Bradley, J.), entered December 9, 2004 in Ulster County, which, inter alia, granted defendants' motions to dismiss the complaint for failure to prosecute, and (2) from an order of said court, entered March 29, 2006 in Ulster County, which denied plaintiffs' motion to vacate the prior order dismissing the complaint.

In January 1997, plaintiff Julie McKenna sustained a neck injury when involved in a one-car accident. McKenna was taken to defendant Benedictine Hospital, in the city of Kingston, Ulster county, where she was treated by defendant Vijay Thekkeurumbil. Thereafter, McKenna consulted with defendant Susan Connors, a radiologist, and defendant Lucinda Grovenberg, a family practitioner, both of whom recommended physical therapy. In March 1997, McKenna consulted with yet another doctor who ordered an MRI, which revealed a fracture to a vertebrae in her neck.

McKenna and her husband, derivatively, commenced separate actions against defendants for medical malpractice. The actions were later consolidated and, in June 2002, plaintiffs filed a note of issue and certificate of readiness. In July 2003, Supreme Court notified all attorneys that the matter was scheduled for trial on September 13, 2004. On September 2, 2004, plaintiffs' counsel requested an adjournment due to the prior engagement of counsel. At a conference on or about September 6, 2004, Supreme Court denied plaintiffs' request for an adjournment and advised all present that the matter would proceed to trial as scheduled. On the day of trial, plaintiffs again requested an adjournment based upon trial counsel's engagement and the unavailability of an expert witness. Defendants opposed such request and moved to dismiss the complaint for failure to prosecute. Supreme Court denied the adjournment and granted defendants' motions to dismiss the complaint. Thereafter, in December 2005, plaintiffs moved to vacate the order dismissing the complaint, which motion was denied. Plaintiffs appeal from both orders.

Initially, we note that the record is bereft of an affidavit of engagement as required by our rules (see 22 NYCRR 125.1) and nowhere does it appear that an explanation was offered to the court as to why another member of trial counsel's firm could not try the case. Indeed, while it is clear that attorney Peter Gale advised the court that attorney Bruce Clark had planned to try the case, it is quite apparent that Gale had a thorough understanding of this case, having conducted the depositions, authored much of the pleadings and correspondence and at-

tended the pretrial conferences. Moreover, while plaintiffs had over a year's notice as to the date of trial, they did not attempt to contact their expert until sometime in August 2004, a few weeks before trial was to commence, and then, inexplicably, failed to advise Supreme Court and their adversaries of the unavailability of their expert until the day jury selection was to commence.

In our view, Supreme Court did not improvidently exercise its discretion in denying a continuance to secure an expert witness inasmuch as the unavailability here was of the plaintiffs' own making (*see Paulino v Marchelletta*, 216 AD2d 446, 447 [1995]). Nor are we persuaded that Supreme Court abused its discretion in denying a continuance and dismissing the complaint because counsel was otherwise engaged. Plaintiffs had more than a year's notice of the trial date, providing them with ample time to make arrangements to proceed as scheduled (*see Harper v Han Chang*, 267 AD2d 1011, 1012 [1999]; *Rosato v Macier*, 222 AD2d 865, 866 [1995]).

Finally, we reject plaintiffs' contention that Supreme Court abused its discretion in denying their motion to vacate the order dismissing the complaint. In order to obtain such a vacatur, the moving party must establish a reasonable excuse for the default in prosecuting the action and, for the reasons previously set forth, no such excuse existed here.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order and judgment and order are affirmed, with one bill of costs.