■ 2261 PALMER AVENUE CORPORATION, Respondent, v LYNN MALICK, Appellant. [936 NYS2d 672]

In order to vacate her default in appearing or answering the complaint, the defendant was required to demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; *Bank of Am. v Faracco*, 89 AD3d 879 [2011]; *Community Preserv. Corp. v Bridgewater Condominiums, LLC*, 89 AD3d 784 [2011]; see also *Swensen v MV Transp., Inc.*, 89 AD3d 924 [2011]). Even if the defendant demonstrated a reasonable excuse for her default, our review of the record establishes that she failed to demonstrate a potentially meritorious defense to the action. The papers submitted in support of her cross motion, inter alia, to vacate her default in appearing or answering the complaint were replete with self-serving, vague, and unsubstantiated denials and unsupported legal conclusions as to whether a potentially meritorious defense to the action existed, and were thus an insufficient basis for vacating her default (see *That v Lutheran Med. Ctr.*, 89 AD3d 837 [2011]; *Garal Wholesalers, Ltd. v Raven Brands, Inc.*, 82 AD3d 1041 [2011]).

Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3215 for leave to enter a default judgment, and properly denied that branch of the defendant's cross motion which was to vacate her default in appearing or answering the complaint. Florio, J.P., Belen, Roman and Sgroi, JJ., concur.