■ GLADYS VERA, Appellant, v DEREK K. SOOHOO, Defendant, and ST. JOSEPH'S HOSPITAL, Defendant/Third-Party Plaintiff-Respondent. SURINDER MALHOTRA, Third-Party Defendant-Respondent. [953 NYS2d 615]—

On July 15, 1999, the plaintiff's decedent entered the defendant St. Joseph's Hospital (hereinafter the Hospital) with severe epistaxis. He was transferred to another hospital on July 27, 1999, and died in December 1999. In 2002, the plaintiff, the decedent's wife, commenced this action, inter alia, to recover damages for medical malpractice against, among others, the Hospital. In June 2005, the Hospital moved for summary judgment dismissing the complaint insofar as asserted against it. Its motion was granted in part and denied in part, and in 2007 this Court affirmed that partial denial of summary judgment (*see Vera v Soohoo*, 41 AD3d 586 [2007]). In March 2008, after the plaintiff and the Hospital had agreed to a trial date in May 2008, the Hospital commenced a third-party action against Surinder Malhotra, an otolaryngologist who had treated the decedent during his stay at the Hospital. The plaintiff made several discovery requests of Malhotra, but he did not comply with those requests. The plaintiff made three good faith attempts at resolving the issues surrounding discovery, but to no avail. The plaintiff ultimately moved for the imposition of sanctions against Malhotra or to compel him to comply with her discovery requests. The Supreme Court granted that branch of the motion which was to compel Malhotra to comply with the discovery requests, and further adjourned the trial. Finally, at a status conference on September 11, 2009, the Supreme Court scheduled the trial for January 4, 2010.

On January 4, 2010, David Pierguidi of The Pagan Law Firm, P.C., appeared on behalf of the plaintiff, and notified the Supreme Court that the plaintiff's expert, who was of paramount importance to the plaintiff's case, was unavailable to testify. Counsel provided the Supreme Court with an affidavit from the expert, in which he stated that he would be away on vacation from January 5 through January 13, and that the vacation could not be canceled. Counsel informed the Supreme Court that the parties had conferred and would all be available to try the case in the middle of February. The Supreme Court, after noting that the case was eight years old, offered to adjourn the matter until January 14. Counsel for Malhotra inquired as to how long the plaintiff's case would last, noting that he had a case on January 25, in Rockland County, and a case in federal court scheduled for February 1. The plaintiff's counsel responded that his case alone would take three days to try, and alerted the

court that his firm had a conflict with another case that was being tried in Kings County. In response, the Supreme Court directed the law clerk to read the procedural history of the case into the record. While she was still doing so, the Supreme Court cut her off, stating, "that's enough." Then, without further comment or questions about plaintiff's counsel's claimed scheduling conflict, the Supreme Court, sua sponte, dismissed the action pursuant to 22 NYCRR 202.27, stating "this is a fault [sic] dismissal." The court subsequently issued a written order indicating that the action was being dismissed for counsel's failure to proceed to trial on January 4, 2010.

The plaintiff timely moved to vacate the order and restore the action to the trial calendar. In the moving papers, the plaintiff's counsel affirmed that the trial date offered by the Supreme Court, January 14, 2010, conflicted with a case entitled *Bryan v Hurwitz* that his firm was scheduled to try on January 19, 2010, and that *Bryan v Hurwitz* had a 1999 index number. In an order dated June 4, 2010, the Supreme Court denied the plaintiff's motion, finding that, while she had a potentially meritorious cause of action, she had failed to provide a reasonable excuse for her inability to proceed on January 4, 2010, or January 14, 2010.

Under 22 NYCRR 202.27, a court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar (*see Fink v Antell*, 19 AD3d 215 [2005]; *Johnson v Brooklyn Hosp. Ctr.*, 295 AD2d 567, 569 [2002]; *Farley v Danaher Corp.*, 295 AD2d 559, 560 [2002]). In order to be relieved of that default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (*see e.g. Felsen v Stop & Shop Supermarket Co., LLC*, 83 AD3d 656 [2011]).

Here, the plaintiff's proffered reason for being unable to proceed on January 4, 2010, was that her expert was unavailable to testify because of a scheduled vacation between January 5 and January 13, 2010, which the expert could not cancel. That excuse was a reasonable one (*see Vorontsova v Priolo*, 61 AD3d 556, 556-557 [2009]; *Conde v Williams*, 6 AD3d 569, 570 [2004]; *Goichberg v Sotudeh*, 187 AD2d 700, 701 [1992]; *cf. Kandel v Hoffman*, 309 AD2d 904 [2003]; *Spodek v Lasser Stables*, 89 AD2d 892 [1982]). Indeed, the Supreme Court accepted that excuse, as evidenced by its offer during the colloquy on January 4 to adjourn the trial to January 14. In addition, in its order denying the plaintiff's motion to vacate the default, the Supreme Court stated that it had been willing to adjourn the trial to accommodate the expert's vacation, tacitly acknowledging that it

had concluded that the excuse was reasonable. Nevertheless, it held in that order that the plaintiff's action should be dismissed, in part, because the record was silent as to when the plaintiff's counsel informed his expert of the trial date, when the expert scheduled his vacation, and when counsel learned of the expert's vacation schedule. However, that claimed justification for dismissing the plaintiff's action, which is adopted by the dissent, is not supported by the record since the Supreme Court never mentioned any of those enumerated deficiencies during the colloquy on January 4, 2010.

Similarly, in its order denying the motion to vacate the default, the Supreme Court explained that the dismissal was based, in part, on the plaintiff's failure to proceed on January 14, 2010, a rationale which was not advanced in the court's written order dismissing the action. Moreover, contrary to the Supreme Court's explanation, failure to proceed on January 14 could not be a premise for dismissing the action, as the court never ordered the parties to appear on that date, and the plaintiff's counsel could not be in default if he did not have a legal duty to perform, the very definition of a default (*see Pelaez v Westchester Med. Ctr.*, 15 AD3d 375, 376 [2005]). The plaintiff's counsel also could not be in default for failing to proceed on January 14 for the simple reason that the January 14 date had not yet passed when the action was dismissed (*see* 22 NYCRR 202.27 [*"At any scheduled call of a calendar or at any conference,* if all parties do not appear and proceed or announce their readiness to proceed immediately or subject to the engagement of counsel, the judge may note the default on the record" (emphasis added)]).

Moreover, during the colloquy on January 4, the plaintiff's counsel, along with the attorneys for the Hospital and Malhotra, alerted the court to scheduling conflicts so a schedule could be worked out, but the Supreme Court precipitously dismissed the action. In fact, prior to the dismissal, the plaintiff's counsel stated that all of the parties could be ready for trial in mid-February. Thus, the plaintiff's counsel was never afforded an opportunity to fully explain his firm's conflict. Had the Supreme Court actually set January 14 as the trial date and directed the parties to appear, the plaintiff's counsel would have had the opportunity to obtain substitute counsel or to have the courts determine priority of the trials based on the existence of an actual engagement of counsel (*see* 22 NYCRR 125.1).

Even accepting the post hoc conclusion that the action was validly dismissed for the failure to proceed on January 14, a reasonable excuse for that failure was provided. The plaintiff's

counsel explained that his firm had another trial involving a medical malpractice claim scheduled in Kings County for January 19, 2010, that the case had been marked as final, and that it was older than this case. The plaintiff's counsel noted that, in the instant action, the presentation of his case alone would take three days, and, thus, depending on the length of the case presented by the Hospital and Malhotra, there was the potential for a conflict between the Kings County case and this case. Thus, it is evident from the record that counsel was trying to avoid the "overbooking of cases" (*Pichardo-Garcia v Josephine's Spa Corp.*, 91 AD3d 413, 414 [2012] [internal quotation marks omitted]; *see Perez v New York City Hous. Auth.*, 47 AD3d 505, 505 [2008]). While we agree with the dissent that there was no actual conflict on January 14, the point is that there was the potential for conflict on January 19 when the two trials might overlap, and the plaintiff's counsel was attempting to avoid creating a conflict for his firm. Moreover, contrary to our dissenting colleague's assertion, counsel indicated that The Pagan Law Firm, P.C., consisted of only three lawyers, and that William Pagan was the only attorney from the firm qualified to try medical malpractice cases. The dissent characterizes this contention as "unsubstantiated and self-serving after-the-fact," since it was not made until counsel for the plaintiff submitted reply papers on the motion to vacate. However, this contention was made in response to arguments advanced by the Hospital and Malhotra, which is the proper function of reply papers (*see Matter of Harleysville Ins. Co. v Rosario*, 17 AD3d 677, 677-678 [2005]; *Lebar Constr. Corp. v HRH Constr. Corp.*, 292 AD2d 506, 507 [2002]). Therefore, under the circumstances of this case, we conclude that the plaintiff provided a reasonable excuse for the inability to proceed on January 4, 2010, and January 14, 2010 (*see Mayo v New York Tel. Co.*, 175 AD3d 390, 391 [1991]; *see also Krivda v Liberty Lines Express, Inc.*, 27 AD3d 260, 261 [2006]; *cf. McKenna v Connors*, 36 AD3d 1062, 1063 [2007]).

Furthermore, the Hospital and Malhotra would not have been prejudiced by adjourning the matter to the middle of February 2010, particularly since they agreed that they would be available to try the case then (*see Chelli v Kelly Group, P.C.*, 63 AD3d 632, 633 [2009]; *Kahlke v Buscemi*, 12 AD3d 488, 489 [2004]; *Basetti v Nour*, 287 AD2d 126, 129 [2001]; *Mayo v New York Tel. Co.*, 175 AD2d at 391; *see also Krivda v Liberty Lines Express, Inc.*, 27 AD3d at 261).

There is no dispute that the plaintiff's action potentially has merit, and public policy strongly favors resolving cases on the merits (*see Nickell v Pathmark Stores, Inc.*, 44 AD3d 631, 632

[2007]; *M.S. Hi-Tech, Inc. v Thompson*, 23 AD3d 442, 443 [2005]). The plaintiff should not be deprived of her day in court because of some difficulty in rescheduling a trial date that was convenient for all the parties (*see Burgess v Brooklyn Jewish Hosp.*, 272 AD2d 285 [2000]). We recognize that the Supreme Court has broad discretion in controlling its trial calendar, but that discretion must be exercised in a judicious manner, particularly when an improvident exercise of that discretion will result in the dismissal of a potentially meritorious cause of action (*see generally People v Griffin*, 92 AD3d 1, 3 [2011]).

Finally, our dissenting colleague notes that this action is nearly a decade old and, in doing so, implies that the delay in prosecuting it is entirely attributable to the plaintiff. To the contrary, the record demonstrates that the plaintiff was ready to proceed to trial in May 2008, when the Hospital suddenly impleaded Malhotra as a third-party defendant. Thereafter, Malhotra was intransigent in complying with the plaintiff's discovery requests, necessitating motion practice to compel compliance. In the absence of these dilatory tactics, the action may very well have been tried years ago.

The plaintiff's remaining contention has been rendered academic in light of our determination. Florio, Chambers and Lott, JJ., concur.

Dillon, J.P., dissents and votes to affirm the order dated June 4, 2010, with the following memorandum: I respectfully dissent.

The trial assignment part has broad discretion in the scheduling of trials. A review of decisions and orders regarding trial adjournments is measured by an improvident exercise of discretion standard (*see Matter of Duane S., Jr. [Duane S.]*, 88 AD3d 727, 728 [2011]; *Diamond v Diamante*, 57 AD3d 826, 827 [2008]; *Atwater v Mace*, 39 AD3d 573, 574 [2007]; *Matter of Kagno v Kagno*, 296 AD2d 410, 410-411 [2002]).

On September 11, 2009, during a status conference, the Supreme Court scheduled the trial of this matter for January 4, 2010. On that date, the plaintiff's counsel requested an adjournment because an expert witness was on vacation and unavailable to testify. The Supreme Court sought to accommodate the plaintiff's scheduling difficulty by offering to adjourn the trial to January 14, 2010.

Inexplicably, the suggested adjournment date was unacceptable to the plaintiff's counsel, not because it presented any actual scheduling conflict on January 14, 2010, but because it might conflict with a Kings Country trial that was scheduled to begin several days thereafter. In the instant matter, the plaintiff's counsel stated that a period of only three days was

required to put on the plaintiff's case. The Supreme Court dismissed the plaintiff's complaint pursuant to 22 NYCRR 202.27 due to the plaintiff's inability or refusal to proceed to trial, despite three months notice of the date.

The plaintiff moved to vacate the dismissal. The plaintiff acknowledged in her moving papers that to be entitled to the vacatur of a 22 NYCRR 202.27 default, she needed to demonstrate (1) a reasonable excuse for failing to proceed, (2) a potentially meritorious cause of action, (3) the lack of intent to abandon the cause of action, and (4) lack of prejudice to the opposing party (*see Basetti v Nour*, 287 AD2d 126 [2001]). In my view, the Supreme Court properly denied the plaintiff's motion to vacate, as there was no reasonable excuse proffered for the unwillingness or inability to proceed on the January 14, 2010, adjourned date offered by the trial assignment judge. The determination of what constitutes a reasonable excuse for vacating a default lies within the sound discretion of the trial court (*see Matter of Gambardella v Ortov Light.*, 278 AD2d 494 [2000]; *Parker v City of New York*, 272 AD2d 310, 311 [2000]; *David v Shaji*, 27 Misc 3d 128[A], 2010 NY Slip Op 50590[U] [2010]). Here, the plaintiff's counsel never explained whether the plaintiff's expert was not given enough notification of the scheduled trial date, or whether the expert was given enough notification yet chose to leave for vacation despite the trial. The majority states that counsel indicated that William Pagan was the only attorney at the law firm who was qualified to try medical malpractice cases. However, counsel's claim was unsubstantiated and self-serving after-the-fact, as he failed to advance that argument until his reply on the motion to vacate. Most significantly, there was no actual conflict for the plaintiff's counsel on the suggested January 14, 2010, adjourned date. As such, counsel failed to set forth a reasonable excuse warranting a further adjournment based upon the engagement of counsel (*see* 22 NYCRR 125.1).

Generally, trial assignment judges, as a matter of judicial efficiency and professional courtesy, may accommodate scheduling difficulties encountered by the attorneys who appear before them. Such an accommodation was attempted by the court in this matter, but refused by the plaintiff's counsel. Since the trial court has the inherent authority to control and manage its calendar (*see Schreiber-Cross v State of New York*, 57 AD3d 881, 884 [2008]), the Supreme Court's denial of the plaintiff's motion to vacate her default in this nearly decade-old case, under these particular circumstances, did not constitute an improvident exercise of discretion.