■ YURDA AYDINER, Respondent, v GROSFILLEX, INC., et al., Appellants. (And a Third-Party Action.) [975 NYS2d 80]—

In an action to recover damages for personal injuries, the defendants Grosfillex, Inc., and Grosfillex, USA, appeal from an order of the Supreme Court, Queens County (Schulman, J.), dated November 30, 2012, which granted the plaintiff's motion, in effect, to vacate her default in appearing for trial, to vacate the dismissal of the action pursuant to 22 NYCRR 202.27, and to restore the matter to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion, in effect, to vacate her default in appearing for trial, to vacate the dismissal of the action pursuant to 22 NYCRR 202.27, and to restore the matter to the trial calendar is denied.

The plaintiff allegedly was injured when she sat on a chair, purportedly manufactured by the defendants, and it collapsed. The plaintiff commenced an action to recover damages for personal injuries against the defendants, alleging, inter alia, negligence and strict products liability. Upon the denial of the defendants' motion for summary judgment, the case was scheduled for trial. However, the plaintiff and her attorney failed to appear on the scheduled trial date, and the action was dismissed pursuant to 22 NYCRR 202.27. The plaintiff thereafter moved, in effect, to vacate her default in appearing for trial, to vacate the dismissal of the action, and to restore the action to the trial calendar. The Supreme Court granted the motion.

Under 22 NYCRR 202.27, a court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar (*see* 22 NYCRR 202.27 [b]; *Vera v Soohoo*, 99 AD3d 990, 992 [2012]). To be relieved of that default, a plaintiff must demonstrate a reasonable excuse for the default and a potentially meritorious cause of action (*see Vera v Soohoo*, 99 AD3d at 992; *Felsen v Stop & Shop Supermarket Co., LLC*, 83 AD3d 656

[2011]). On appeal, the defendants do not challenge the Supreme Court's determination that the plaintiff demonstrated a reasonable excuse for her default.

The defendants correctly contend that the plaintiff failed to demonstrate that she had a potentially meritorious cause of action. The plaintiff's affidavit in support of her motion provided only a one-sentence generalized and conclusory allegation that failed to set forth any factual basis for her claim that the chair was defective in some manner (see Felsen v Stop & Shop Supermarket Co., LLC, 83 AD3d at 657; see also Archer Capital Fund, L.P. v GEL, LLC, 95 AD3d 800, 802 [2012]; cf. 2261 Palmer Ave. Corp. v Malick, 91 AD3d 853 [2012]). Moreover, under the circumstances of this case, the Supreme Court erred in concluding, based upon the prior order denying the defendants' motion for summary judgment, that the plaintiff demonstrated a potentially meritorious cause of action. The determination in that order was based solely on the discrete issue of whether the defendants manufactured the subject chair, and did not address the question, among others, of whether the chair was defective in some manner. Therefore, that order was insufficient, by itself, to demonstrate that the plaintiff had a potentially meritorious cause of action sounding in negligence or strict products liability (cf. Mooney v City of New York, 78 AD3d 795, 796-797 [2010]).

Accordingly, the plaintiff's motion, in effect, to vacate her default in appearing for trial, to vacate the dismissal of the action, and to restore the action to the trial calendar, should have been denied.

In light of our determination, we need not reach the defendants' remaining contention. Skelos, J.P., Dickerson, Hall and Miller, JJ., concur.