■ EMILIO GUTTILLA, Appellant, v PEPPINO'S FOOD, INC., et al., Respondents. [3 NYS3d 108]—

In an action, inter alia, to impose a constructive trust, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Bartlett, J.), dated December 20, 2012, which, sua sponte, dismissed the action, in effect, pursuant to 22 NYCRR 202.27, (2) an order of the same court dated March 20, 2013, which denied his motion for the court to recuse itself from hearing and determining his motion to vacate the order dated December 20, 2012, and to restore the action to the trial calendar, and (3) an order of the same court dated April 3, 2013, which denied his motion to vacate the order dated December 20, 2012, and to restore the action to the trial calendar.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from the order dated December 20, 2012, which, sua sponte, dismissed the action, is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated December 20, 2012, is reversed, on the law, the action is reinstated, and the matter is remitted to the Supreme Court, Orange County, for trial; and it is further,

Ordered that the order dated March 20, 2013, is affirmed; and it is further,

Ordered that the appeal from the order dated April 3, 2013, is dismissed as academic in light of the determination on the appeal from the order dated December 20, 2012; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action in 2008. A jury trial was scheduled to commence on Monday, October 22, 2012. On the afternoon of Friday, October 19, 2012, the plaintiff's counsel faxed to the Supreme Court an affidavit requesting a three-week adjournment of the trial for medical reasons. Accompanying the affidavit was a prescription for medication and a note from his physician, both dated October 19, 2012. The court denied the adjournment request. On Monday, October 22, 2012, the plaintiff's counsel failed to appear for jury selection. As a result, the Supreme Court, sua sponte, dismissed the action, in effect, pursuant to 22 NYCRR 202.27, in a written order dated December 20, 2012.

The plaintiff moved to vacate the order dated December 20, 2012, and to restore the action to the trial calendar. The plaintiff separately moved for the Supreme Court to recuse itself from hearing and determining that motion. The court, in an order dated March 20, 2013, denied the motion to recuse. In an order dated April 3, 2013, the court denied the motion to vacate the order dated December 20, 2012, and to restore the matter to the trial calendar.

Pursuant to 22 NYCRR 202.27, a court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar (see Aydiner v Grosfillex, Inc., 111 AD3d 589, 589 [2013]; Vera v Soohoo, 99 AD3d 990, 992 [2012]). In order to be relieved of the default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see id. at 992; Frey v Chiou, 94 AD3d 810, 811 [2012]; Felsen v Stop & Shop Supermarket Co., LLC, 83 AD3d 656, 656 [2011]). Here, the plaintiff demonstrated both a reasonable excuse for his default and a potentially meritorious cause of action (see Baez v Mohamed, 10 AD3d 623, 624 [2004]). Accordingly, the Supreme Court improvidently exercised its discretion in dismissing the action.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion for the court to recuse itself from hearing and determining his motion, inter alia, to vacate the order dated December 20, 2012, dismissing the action (see Mayo v New York Tel. Co., 175 AD2d 390, 391 [1991]).

In view of our determination on the appeal from the order dated December 20, 2012, we dismiss, as academic, the appeal from the order dated April 3, 2013, denying the plaintiff's motion, inter alia, to vacate the order dated December 20, 2012. Dillon, J.P., Chambers, Duffy and Barros, JJ., concur.