Poughkeepsie Housing Authority, Respondent,
Latharee Johnson, Appellant.
Legal Services of Hudson Valley (Barbara Finkelstein and Sean O'Fallon of counsel), for appellant.
Office of Corporation Counsel (Nicholas J. Gildard and Paul Ackerman of counsel), for respondent.

Appeal from an order of the City Court of Poughkeepsie, Dutchess County (Thomas J. O'Neill, J.), entered September 26, 2016. The order, insofar as appealed from, upon granting a letter application by tenant for leave to reargue her prior motion to vacate a default final judgment of that court entered July 12, 2016 upon her failure to appear or answer the petition in a nonpayment summary proceeding, or, in the alternative, to vacate the warrant for good cause shown pursuant to RPAPL 749 (3), which prior motion had been denied in an order of that court dated September 6, 2016, adhered to the prior determination in the order dated September 6, 2016.




ORDERED that, on the court's own motion, the notice of appeal from so much of the order as, upon granting the letter application for leave to reargue, adhered to the prior determination denying tenant's motion to vacate the default final judgment and warrant is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see UCCA 1702 [c]); and it is further,
ORDERED that the order, insofar as appealed from, is modified by providing that, upon reargument, the branch of tenant's motion seeking to vacate the warrant for good cause shown is granted; as so modified, the order, insofar as appealed from, is affirmed, without costs.
After tenant failed to appear or answer the petition in this nonpayment proceeding, a default final judgment was entered awarding landlord possession and one month's rent, and a warrant immediately issued. Thereafter, a motion by tenant to vacate the default final judgment or, in the alternative, the warrant, was denied. Upon reargument, the original determination denying tenant's motion was adhered to. 
As the record unequivocally establishes, and tenant's motion papers conceded, that tenant did not pay the rent at issue prior to the entry of the default final judgment, tenant failed to establish the existence of a meritorious defense to the proceeding. Thus, the City Court did not improvidently exercise its discretion in denying the branch of tenant's motion seeking, pursuant [*2]to CPLR 5015 (a), to vacate the default final judgment (see 2261 Palmer Ave. Corp. v Malick, 91 AD3d 853 [2012]). However, in the circumstances presented, including that tenant is disabled and resides in public housing, that she showed the availability of funds to pay the rental arrears and the rent going forward, and that this proceeding was commenced and concluded with undue rapidity, in the exercise of discretion, we grant the branch of tenant's motion seeking to vacate the warrant for good cause shown (see Harvey 1390 LLC v Bodenheim, 96 AD3d 664 [2012]).
Accordingly, the order, insofar as appealed from, is modified by providing that the branch of tenant's motion seeking to vacate the warrant for good cause shown is granted.
GARGUILO, J.P., and RUDERMAN, J., concur.
TOLBERT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 12, 2018