Geffner v Mercy Med. Ctr. (2018 NY Slip Op 08281)





Geffner v Mercy Med. Ctr.


2018 NY Slip Op 08281


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-04560
 (Index No. 4829/07)

[*1]Rebecca Geffner, etc., appellant, 
v
Mercy Medical Center, et al., respondents, et al., defendants.


Rebecca Geffner, Little Neck, NY, appellant pro se.
Mulholland, Minion, Duffy, Davey, McNiff & Beyrer, Williston Park, NY (Brian R. Davey and Stephanie E. Kass of counsel), for respondents Mercy Medical Center, Roy A. Rubenstein, and Eric A. Shoenfeld.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Ari Lessa and David Bloom of counsel), for respondent Harte Placements, Inc., doing business as Nassau-Johrens Registry Agency.
Koster, Brady & Nagler, LLP, New York, NY (Kenneth T. Bierman and Kara Suddock of counsel), for respondents Thierry Duchatellier, Cardiology Consultants of Long Island, and Associated Cardiology Consultants, P.C.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), dated March 8, 2017. The order denied the plaintiff's motion to vacate an order of the same court dated November 16, 2015, directing the dismissal of the complaint pursuant to 22 NYCRR 202.27, and a judgment of the same court entered February 22, 2016, dismissing the complaint.
ORDERED that the order dated March 8, 2017, is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The relevant background facts are set forth in our decision on a companion appeal (see Geffner v Mercy Medical Center, _____ AD3d _____ [Appellate Division Docket No. 2016-03980; decided herewith]). Insofar as pertinent to the subject appeal, the plaintiff moved to vacate an order dated November 16, 2015, directing the dismissal of the complaint pursuant to 22 NYCRR 202.27, based upon the plaintiff's lack of readiness for trial, and a judgment entered February 22, 2016, dismissing the complaint. In an order dated March 8, 2017, the Supreme Court denied the plaintiff's motion. The plaintiff appeals from that order.
Contrary to the plaintiff's contention, the Supreme Court properly denied her motion to vacate the order dated November 16, 2015, and the judgment. Where a court dismisses an action pursuant to 22 NYCRR 202.27, on the ground that the plaintiff is unprepared to proceed to trial, to be relieved of that default, the plaintiff must demonstrate both a reasonable excuse for the default [*2]and a potentially meritorious cause of action (see Guttilla v Peppino's Food, Inc., 125 AD3d 604, 605; Vera v Soohoo, 99 AD3d 990, 992). Here, the plaintiff failed to substantiate or provide requisite detail regarding her proffered excuse of expert unavailability so as to demonstrate a reasonable excuse for her lack of readiness for trial (see Jin Chengri v Su Yonh Choi, 153 AD3d 911, 912). The plaintiff also failed to demonstrate a reasonable excuse based upon her conclusory assertion, raised for the first time in her motion to vacate, that her trial counsel was engaged in another trial, since the plaintiff's counsel gave no indication on the scheduled date for commencement of the trial that he was unable to proceed due to his involvement with another trial.
Since the plaintiff failed to offer a reasonable excuse for her default, the issue of whether she had a potentially meritorious cause of action need not be addressed (see Lee v Latendorf, 162 AD3d 1002, 1004).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion to vacate the order dated November 16, 2015, and the judgment.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court