Melendez v Stack (2019 NY Slip Op 02512)





Melendez v Stack


2019 NY Slip Op 02512


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-06492
 (Index No. 11423/13)

[*1]Danny Melendez, appellant, 
v
Paula Stack, et al., respondents, et al., defendants.


The Sachs Firm, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for appellant.
Abamont & Associates, Garden City, NY (Evan B. Cohen of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated January 12, 2018. The order denied the plaintiff's motion to vacate the dismissal of the action and to restore the action to the trial calendar.
ORDERED that the order is affirmed, with costs.
In April 2013, the plaintiff commenced this action against the defendants to recover damages for personal injuries allegedly sustained by the plaintiff as a result of a motor vehicle accident that occurred on August 11, 2010. In an order dated June 3, 2015, the Supreme Court granted the motion of the defendants Nancy Hall and Michelle A. Hall for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The court also granted the plaintiff's cross motion for summary judgment on the issue of liability against the defendants Lauren LaCarrabba and Paula Stack (hereinafter together the defendants).
On August 13, 2015, the plaintiff filed a note of issue and certificate of readiness for trial. A trial was scheduled to begin on November 15, 2016. Jury selection was adjourned to December 5, 2016, with the trial to commence on December 12, 2016. Thereafter, the matter was adjourned to January 17, 2017, for jury selection, and the trial was scheduled to begin on January 25, 2017.
When the parties appeared in court on January 25, 2017, they were informed that a trial part was not available that day, but that one would be available the following day. The plaintiff's attorney advised the Supreme Court that he was "not prepared to go forward with the trial" on January 26, 2017, because of "some scheduling issues." The plaintiff's attorney reiterated that he was "not prepared to go forward" and stated that he did not want to "be rushed through the process." The plaintiff's attorney requested that the court remove the matter from the calendar. The defendants' attorney stated that the defendants were ready to proceed to trial the following day, and objected to the plaintiff's request for an adjournment. The court granted the plaintiff's request for an adjournment to the extent of directing that the jury be disbanded, and that the parties were to [*2]return on January 30, 2017, to select a new jury and then to proceed to trial on February 1, 2017. The court explicitly stated that the parties would have as much time as they needed in order to finish the trial. The plaintiff's attorney stated that he was not "prepared to proceed" on January 30, 2017, and again requested that the matter be marked off the calendar and the trial adjourned for 30 to 60 days in order to allow the plaintiff time to "re-prepare." The court denied the plaintiff's request for any further adjournments.
On January 30, 2017, the parties appeared for jury selection. The plaintiff's attorney stated that he was unable to proceed with jury selection, and that he had issues with his expert witness. The defendants opposed the plaintiff's application for another adjournment, and moved to dismiss the action pursuant to "the applicable sections of the CPLR" and 22 NYCRR 202.27(b) based upon the plaintiff's failure to proceed to trial. The court offered the plaintiff the opportunity to pick a jury that day, to start the trial on February 6, 2017, or February 7, 2017, and to allow the plaintiff's expert witness to testify on February 9, 2017. The plaintiff's attorney responded that his expert witness was "not available then," and that both he and defense counsel had trials "the following week." The court granted the defendants' motion to dismiss the action, inter alia, pursuant to 22 NYCRR 202.27.
On or about September 18, 2017, the plaintiff moved to vacate the dismissal of the action and to restore the action to the trial calendar, arguing that he presented a reasonable excuse for the inability to proceed to trial because of the expert witness's unavailability. Additionally, the plaintiff submitted an affidavit from his expert witness, in which the witness stated, inter alia, that she is a licensed psychologist, and that she "was not available due to the scheduling of [her] patients" during the week of January 30, 2017. In an order dated January 12, 2018, the Supreme Court denied the plaintiff's motion, concluding that the plaintiff "failed to demonstrate a reasonable excuse for his default on January 30, 2017." As a result, the court did not address whether the plaintiff had a potentially meritorious cause of action. The plaintiff appeals.
Where a case is called for trial and one of the parties fails to appear or is unable to proceed, the trial court may "(1) adjourn the trial to another date, (2) mark the case off' or strike it from the calendar pursuant to CPLR 3404, (3) vacate the note of issue pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (e), or (4) dismiss the complaint . . . pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.27" (Basetti v Nour, 287 AD2d 126, 133). Thus, under 22 NYCRR 202.27, a court may dismiss an action when a plaintiff is unprepared to proceed to trial at the call of the calendar (see Guttilla v Peppino's Food, Inc., 125 AD3d 604, 605; Aydiner v Grosfillex, Inc., 111 AD3d 589, 589; Fink v Antell, 19 AD3d 215). In order to be relieved of that default, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see Guttilla v Peppino's Food, Inc., 125 AD3d at 605; Vera v Soohoo, 99 AD3d 990, 992). While public policy strongly favors the resolution of cases on the merits (see Fuentes v Virgil, 88 AD3d 643; Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150), a determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court (see Stein v Doukas, 157 AD3d 743, 744; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138).
Here, the Supreme Court providently exercised its discretion in dismissing the action, because the plaintiff failed to demonstrate a reasonable excuse for why he was unprepared to proceed to trial on January 30, 2017. The plaintiff's expert did not state that she was unavailable to testify on February 9, 2017, as offered by the court, and did not address whether the plaintiff's attorney had asked if she was available to testify during the second week in February (see Spodek v Lasser Stables, 89 AD2d 892, 893). Although an expert witness's unavailability may provide a reasonable excuse for a party's inability to proceed to trial (see Vera v Soohoo, 99 AD3d at 992; Conde v Williams, 6 AD3d 569, 570), under the circumstances here, it cannot be said that the plaintiff sufficiently established the unavailability of the expert witness (see Spodek v Lasser Stables, 89 AD2d at 893).
Since the plaintiff failed to offer a reasonable excuse for his default, the issue of [*3]whether he had a potentially meritorious cause of action need not be addressed (see Lee v Latendorf, 162 AD3d 1002, 1004).
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion to vacate the dismissal of the action and to restore the action to the trial calendar.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court