Berenguer v St. Barnabas Hosp. (2019 NY Slip Op 04267)





Berenguer v St. Barnabas Hosp.


2019 NY Slip Op 04267


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9464 304759/09

[*1]Yolanda Berenguer, Plaintiff-Appellant,
v
St. Barnabas Hospital formerly known as Home for Incurables, et al., Defendants-Respondents, The Bank of New York Mellon Corporation, etc., et al., Defendants.


Michelstein & Ashman, PLLC, New York (Richard A. Ashman of counsel), for appellant.
Garbarini & Scher, P.C., New York (Thomas M. Cooper of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about June 29, 2018, which denied plaintiff's motion to restore the action to the trial calendar, unanimously reversed, on the law and the facts, without costs, and the motion granted.
The trial court dismissed the action pursuant to 22 NYCRR 202.27 upon plaintiff's failure to proceed to trial. As an initial matter, plaintiff demonstrated that she did not receive adequate notice of the advanced trial date. Thus, her failure to proceed with the trial on that date did not constitute a default (see Pelaez v Westchester Med. Ctr., 15 AD3d 375, 376 [2d Dept 2005]).
In any event, in light of the strong public policy of this State to dispose of cases on their merits, the court improvidently exercised its discretion in denying plaintiff's motion to restore the action to the trial calendar (see Chelli v Kelly Group, P.C., 63 AD3d 632, 633 [1st Dept 2009]). Plaintiff demonstrated that her expert witness was unavailable to testify on the advanced trial date due to a religious holiday and that she herself had made plans to travel from out of state for the scheduled trial date (Vera v Soohoo, 99 AD3d 990 [2d Dept 2012]). As plaintiff was seeking merely a 24-hour adjournment of the commencement of the trial, defendants would not have been prejudiced. Moreover, defendants do not dispute that plaintiff demonstrated a meritorious cause of action by submitting an affidavit of merit and her verified complaint.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK