Campbell v TPK Heating, Ltd. (2020 NY Slip Op 01595)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Campbell v TPK Heating, Ltd.

2020 NY Slip Op 01595

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-07982
(Index No. 60328/14)

[*1]Lukelyn Campbell, respondent, 
vTPK Heating, Ltd., et al., appellants.

Brian Rayhill, Elmsford, NY (Jonathan R. Walsh and Renaud T. Bleecker of counsel), for appellants.
Sacco & Fillas LLP, Astoria, NY (James R. Baez and Michael Warycha of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Nicholas Colabella, J.H.O.), dated June 14, 2018. The order granted the plaintiff's motion, in effect, to vacate an order of the same court dated March 6, 2017, directing dismissal of the complaint pursuant to 22 NYCRR 202.27, and to restore the action to the trial calendar.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion, in effect, to vacate the order dated March 6, 2017, and to restore the action to the trial calendar is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The plaintiff filed a note of issue on June 20, 2016, and a final trial date was set for March 6, 2017. On March 6, 2017, the plaintiff's attorney failed to appear at the calendar call, and the Supreme Court directed dismissal of the complaint pursuant to 22 NYCRR 202.27. By order to show cause dated May 1, 2018, the plaintiff moved, in effect, to vacate the March 6, 2017, dismissal order and to restore the action to the trial calendar. After hearing oral arguments on May 10, and June 14, 2018, the court granted the plaintiff's motion. The defendants appeal.
Under 22 NYCRR 202.27, a court may direct dismissal of an action when a plaintiff fails to appear at a calendar call (see Bank of N.Y. v Harper, 176 AD3d 907, 909; SS Charmer Corp. v First Natl. Bank of Long Is., 172 AD3d 1423, 1424; Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252). In order to be relieved of that default, a plaintiff is required to demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; SS Charmer Corp. v First Natl. Bank of Long Is., 172 AD3d at 1424; Guttilla v Peppino's Food, Inc., 125 AD3d 604, 605).
"The court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where the claim is supported by a detailed and credible explanation of the default" (Option One Mtge. Corp. v Rose, 164 AD3d at 1252; see Seaman v New York Univ., 175 AD3d 1578; Soto v Chelsea W26, LLC, 166 AD3d 1048, 1049). "However, mere neglect is not a [*2]reasonable excuse" (Seaman v New York Univ., 175 AD3d at 1579). Where a claim of law office failure is conclusory and unsubstantiated or lacking in credibility, it should be rejected (see Kondrotas-Williams v Westbridge Enters., Inc., 170 AD3d 983, 985; Lefcort v Samowitz, 165 AD3d 772, 773).
Here, the plaintiff's unsubstantiated allegation of law office failure was insufficient to demonstrate a reasonable excuse for its default in appearing at the calendar call on March 6, 2017 (see Option One Mtge. Corp. v Rose, 164 AD3d at 1252). Moreover, the plaintiff proffers no excuse for his more than one-year delay in moving to vacate the order directing dismissal of the action and in taking any steps to ascertain the status of the case (see Diamond Truck Leasing Corp. v Cross Country Ins. Brokerage, Inc., 62 AD3d 745; Edwards v Feliz, 28 AD3d 512, 513).
Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether he demonstrated a potentially meritorious cause of action (see Option One Mtge. Corp. v Rose, 164 AD3d at 1253; Stein v Doukas, 157 AD3d 743, 744).
SCHEINKMAN, P.J., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court